

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00424-CR

BILLY JACK JOHNSON                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1341005D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Billy Jack Johnson appeals from his conviction for assault and four-year sentence. We affirm.

Johnson was indicted with two counts of assault on Sheila Newby, Johnson's girlfriend. Count one alleged Johnson caused serious bodily injury to Newby by punching her with his hand; count two alleged Johnson cut off Newby's airway by applying pressure to her throat or neck with his hand.

----

[1]*See* Tex. R. App. P. 47.4.

*See* Tex. Penal Code Ann. § 22.01(b)(2)(B) (West Supp. 2014), § 22.02(a)(1) (West 2011). The indictment also contained a repeat-offender notice, alleging that Johnson previously had been convicted of the felony offense of aggravated sexual assault of a child. *See id.* § 12.42 (West Supp. 2014). Johnson waived his right to a jury and pleaded not guilty to the indictment without benefit of a plea-bargain agreement. *See* Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 2014). The trial court found Johnson guilty of count two, a third-degree felony, but not guilty of count one. Johnson pleaded true to the repeat-offender notice, and the trial court sentenced him to four years' confinement. *See* Tex. Penal Code Ann. § 12.33 (West 2011), § 12.42(a).

Johnson filed a motion for new trial, arguing that the verdict and judgment were "contrary to the law and the evidence." The motion was overruled by operation of law. *See* Tex. R. App. P. 21.8. Johnson timely filed a notice of appeal from the trial court's judgment. *See* Tex. R. App. P. 26.2(a). Johnson's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that, in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Johnson did not respond to counsel's brief or motion although both counsel and this court advised him of his right to do so.

2

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record and the arguments raised in the *Anders* brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We have done so and conclude, as did appellate counsel, that there is nothing in the record that might arguably support the appeal and that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we **GRANT** counsel's motion to withdraw and affirm the trial court's judgment. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 29, 2015

3